**FILED**

NOV 2 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David M. Young, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 12 1886 |
| Federal Bureau of Prisons *et al.*, ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint and application to *proceed in forma pauperis*. The application will be granted and the case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, a prisoner at the Federal Prison Camp in Forrest City, Arkansas, sues the Bureau of Prisons, the United States Marshals Service, and Assistant United States Attorney George May "under the Federal Tort Claims Act (FTCA), for violation [sic] of a Constitutional Right . . ., which caused psychological harm in the thought process during indictment proceedings [in 2009], which led to convictions [when] petitioner was actually innocent." Compl. at 1. Plaintiff seeks $500,000 in monetary damages. *Id.* at 6.

The Court lacks jurisdiction over plaintiff's constitutional claim because the United States has not consented to be sued for constitutional torts under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. *See* 28 U.S.C. § 1346(b)(1) (creating cause of action for personal

1

injury "caused by the negligent or wrongful act or omission of any [government] employee . . . under circumstances where the United States, if a private person, would be liable to the claimant . . . ."); *Jones v. U.S.*, 296 Fed. Appx. 82, 83 (D.C. Cir. 2008) (per curiam) ("Congress has not waived the United States's sovereign immunity as to constitutional tort claims.") (citing *Clark v. Library of Congress*, 750 F.2d 89, 103 n.31 (D.C. Cir. 1984)).

To the extent that plaintiff is claiming negligence, *see* Compl. at 2-3, he fares no better for at least two reasons. First, an FTCA claim is cognizable only after the plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Since plaintiff has not indicated that he exhausted his administrative remedies under the FTCA, the complaint must be dismissed for lack of subject matter jurisdiction. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."); *accord Jones*, 296 Fed. Appx. at 83.

Second, this action is foreclosed because the underlying claims were adjudicated in a prior action. *See Young v. Fed. Bureau of Prisons*, Civ. Action No. 11-412, slip op. (D.D.C. Nov. 21, 2011) [Dkt. # 47] (granting same defendants' motion to dismiss case arising out of plaintiff's "pre-conviction detention" and his conviction and sentence). Under the doctrine of res judicata, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . .," *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)), including claims "that *could*

2

*have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "While it is true that *res judicata* is an affirmative defense, courts may dismiss *sua sponte* when they are on notice that a claim has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.'" *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). Since plaintiff could have brought his FTCA claim in the prior action, he is foreclosed from bringing it in a new action. Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: November 13, 2012

3